UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RIVERDEEP INTERACTIVE LEARNING, LTD., | Civil Nos. 06-3331 (PJS/RLE)<br>06-3359 (PJS/RLE) |
| Plaintiff, | |
| v. | |
| COKeM INTERNATIONAL LTD., and CHARLES BOND, | ORDER |
| Defendants. | |
| COKeM INTERNATIONAL LTD., | |
| Plaintiff, | |
| v. | |
| RIVERDEEP, INC. | |
| Defendant. | |

Irwin B. Schwartz, PETRIE SCHWARTZ LLP, 500 Boylston Street, Suite 1860, Boston, MA 02116, for Riverdeep Interactive Learning, Ltd. and Riverdeep, Inc.

Seth M. Colton, Timothy C. Matson, LOMMEN, ABDO, COLE, KING & STAGEBERG, PA, 80 South Eighth Street, Suite 2000, Minneapolis, MN 55402, for COKeM International Ltd. and Charles Bond.

Riverdeep Interactive Learning, Ltd. ("RIL") is an Irish company that develops software. Riverdeep, Inc. ("Riverdeep") is RIL's American subsidiary. COKeM International Ltd. ("COKeM") is a Minnesota company that distributes software that it obtains from numerous sources.

On June 30, 2003, Riverdeep and COKeM entered into an "OEM License Agreement." Matson Aff. Ex. B at Ex. A, Aug. 24, 2006. Under that agreement, COKeM was given a license to manufacture and distribute certain of RIL's copyrighted software products using gold master disks that it obtained from Riverdeep. The software that COKeM manufactured and distributed under the agreement was subject to certain restrictions. Most important for present purposes, COKeM agreed that it would not distribute software governed by the agreement to mainstream retailers such as Target, Best Buy, and Office Max. Instead, COKeM agreed that it would distribute OEM-restricted software only in the "Alternative Retail Channel," defined to include "gas stations, independent retailers, . . . and non-mainstream computer software retail stores." *Id.* (OEM License Agreement) at Ex. D ¶ 1. The OEM agreement expired on June 30, 2006.

It is undisputed that, while the OEM agreement was still in effect, COKeM distributed RIL software to mainstream retailers such as Target, Best Buy, and Office Max. RIL and Riverdeep contend that COKeM acted in blatant violation of the OEM agreement. In August, RIL moved this Court for a temporary restraining order ("TRO") — a motion that this Court, rightly or wrongly, understood to pertain only to RIL software that was restricted by the OEM agreement and that was allegedly manufactured or distributed in violation of that agreement.

After a lengthy hearing on August 25, the parties, with the Court's encouragement, agreed on the entry of a TRO. The parties jointly submitted a draft TRO, and that TRO was entered on August 31. That TRO applied only to "software as to which COKeM obtained Gold Masters under [the] OEM License Agreement." Order ¶ 1, Aug. 31, 2006.

The Court and the parties understood that the TRO was a "placeholder" intended to give the parties adequate time to brief — and the Court adequate time to consider — a motion for a

preliminary injunction. RIL has now moved for a preliminary injunction. RIL asks this Court to order COKeM (1) not to manufacture any RIL software and to return RIL's gold master disks; (2) not to distribute any existing RIL software; and (3) to retrieve all RIL software in the hands of mainstream retailers.

In response to RIL's motion, COKeM concedes that it distributed RIL software to mainstream retailers. However, COKeM alleges that the RIL software that it distributed to these retailers was *not* software that was restricted by the OEM agreement, but instead software that COKeM purchased from RIL under *other* agreements, as well as software that COKeM purchased from third parties. COKeM claims that RIL has suffered financial problems in recent years, that it has dumped a lot of its software on the market through sales to COKeM and other distributors, that COKeM has obtained RIL software from RIL and various other sources, and that COKeM is not restricted from selling this "non-OEM-restricted" software to mainstream retailers or to anyone else.

Pending before the Court is RIL's motion for a preliminary injunction. There are four factors that a court must consider in deciding whether to grant a preliminary injunction: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and the injury that granting the injunction will inflict on the other litigants; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). In balancing the equities, no single factor is determinative. *Hill v. Xyquad, Inc.*, 939 F.2d 627, 630 (8th Cir. 1991). A complete failure to show irreparable harm, however, is sufficient reason to deny a preliminary injunction. *Blue Moon Entm't, LLC v. City of Bates City*, 441 F.3d 561, 564 (8th Cir. 2006).

To the extent that RIL's motion pertains to OEM-restricted software, the motion will be denied. COKeM has represented to the Court through sworn affidavits that (1) it has not manufactured any RIL software since June 30, 2006 and has already returned all gold master disks to RIL; (2) it has not distributed any OEM-restricted software since June 30, 2006 and has no intention of doing so in the future; and (3) it has taken steps (described in the affidavits) to retrieve any OEM-restricted software that may be in the hands of mainstream retailers. *See* Matson Aff. Ex. F ¶¶ 7-8; Johnson Third Supp. Aff. Oct. 2, 2006. RIL expresses skepticism that what COKeM says is true, but COKeM's affidavits are essentially uncontradicted.

On this record, it does not appear that RIL is presently threatened with any harm, much less irreparable harm. It is not clear whether COKeM violated the OEM agreement, but the record suggests that, if there were violations, those violations occurred before June 30, 2006. There is no evidence that COKeM has manufactured or distributed OEM-restricted software since June 30 or that it has any plans to do so. Morever, it appears that COKeM is taking reasonable measures to make certain that OEM-restricted software is pulled off the shelves of mainstream retailers.

"A preliminary injunction is an extraordinary remedy." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Entering a preliminary injunction is not a step that this Court takes lightly. As to the OEM-restricted software, there is no evidence that any "new" harm will be inflicted on RIL, and it appears that any "ongoing" harm is already being addressed by COKeM. Moreover, it is not clear whether RIL is likely to succeed on the merits, especially given that RIL and Riverdeep may be committed to arbitrate this dispute. For these reasons, the Court will deny RIL's motion for a preliminary injunction insofar as the motion pertains to OEM-restricted

software and vacate that portion of the TRO enjoining COKeM from manufacturing or distributing OEM-restricted software.

To the extent that RIL's motion pertains to non-OEM-restricted software, the motion will be denied without prejudice. If the Court understands the parties correctly, COKeM contends that it came into possession of a great deal of RIL software through sources other than the OEM agreement, that its distribution of that software is not legally restricted in any way, and that it is this non-OEM-restricted software that it distributed to mainstream retailers. RIL, in turn, expresses skepticism that RIL actually possesses a substantial quantity of non-OEM-restricted software and argues that, even with respect to such software, RIL has no right to distribute it and must retrieve it from the shelves of mainstream retailers.

On the state of this record, the Court does not know which side is likely to prevail on this issue. This case is only a few weeks old. Almost no discovery has taken place. The record is sparse, and much of what is contained in the record is unclear or contradictory. Moreover, the issues in this case have been moving targets, and the parties have been briefing and arguing those issues "on the fly." The burden is on RIL to establish the existence of all of the *Dataphase* factors. *See Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir.1987). RIL has failed to meet that burden as to the non-OEM-restricted software. The Court simply cannot tell — based on the current state of the record — whether and to what extent COKeM obtained such software, whether and to what extent COKeM distributed such software, and whether and to what extent any such distribution was unlawful.

When the record is more fully developed, RIL is free to renew its motion for a preliminary injunction as to the non-OEM-restricted software. Moreover, RIL is free to renew

its motion as to the OEM-restricted software if it becomes aware of any evidence that COKeM is manufacturing OEM-restricted software, distributing OEM-restricted software, or failing to act diligently to recall all OEM-restricted software that is in the hands of mainstream retailers.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Paragraph One of the Temporary Restraining Order entered August 31, 2006 [Docket No. 16 in Civil No. 06-3331 and Docket No. 24 in Civil No. 06-3359] is VACATED; and

2. Riverdeep Interactive Learning, Ltd.'s motion for a preliminary injunction in Civil No. 06-3359 [Docket No. 28] is DENIED WITHOUT PREJUDICE.

Dated: October  5,  2006

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge